D4CFPAPP                       Plea

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

             v.                                12 CR 813

PAUL PAPPAS,

                  Defendant.

------------------------------x

                                          New York, N.Y.
                                          April 15, 2013
                                          12:42 p.m.

Before:

                HON. JAMES C. FRANCIS,

                                          Magistrate Judge

                       APPEARANCES

PREET BHARARA,
     United States Attorney for the
     Southern District of New York
BY:  RUSSELL CAPONE
     Assistant United States Attorney


WILLKIE, FARR & GALLAGHER
     Attorneys for Defendant
BY:  MARTIN B. KLOTZ


ALSO PRESENT:  Jascha Clark, Intern with AUSA

Case 1:12-cr-00813-PGG   Document 27   Filed 06/20/13   Page 2 of 15     2
D4CFPAPP                          Plea

1                (In open court)
2                THE DEPUTY CLERK:  U.S. v. Paul Pappas.
3                Counsel, please state your name for the record.
4                MR. CAPONE:  Russel Capone for the government.  With
5      me, with the Court's permission, is Jascha Clark, an intern for
6      the government.
7                Good morning, your Honor.
8                THE COURT:  Good morning.
9                MR. CAPONE:  Or good afternoon, your Honor.
10               MR. KLOTZ:  Good afternoon, your Honor.
11               Martin Klotz for Mr. Pappas.
12               Mr. Pappas has a slight hearing difficulty, so if your
13     Honor is able to speak loudly, and a little slowly, that would
14     be appreciated.
15               THE COURT:  I will try.
16               MR. KLOTZ:  Thank you.
17               THE COURT:  Mr. Pappas, I'm Judge Francis.
18               You are charged in Count One of the superceding
19     information with violation of Title 18 of the United States
20     Code, Section 1343, which makes it an offense to commit wire
21     fraud.
22               You have the right to enter your plea before a United
23     States District Judge.  However, a United States Magistrate
24     Judge may also take your plea provided that you consent to that
25     procedure.

                    SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300

1               I have before me a consent form.
2               Have you read and do you understand that form and did
3    you sign it?
4               THE DEFENDANT:  Yes, I did, sir.
5               THE COURT:  I'm going to ask you some questions in
6    connection with your plea.
7               Please raise your right hand.
8    (Defendant sworn)
9               THE COURT:  Please state your full name.
10              THE DEFENDANT:  Paul Alex Pappas.
11              THE COURT:  And what's your education?
12              THE DEFENDANT:  Graduate of Saint Johns University and
13   I have 18 credits towards my MBA.
14              THE COURT:  Are you now or have you recently been
15   under the care of a doctor or a psychiatrist for any reason?
16              THE DEFENDANT:  I've been under the care of a
17   psychiatrist for the past 12 years.
18              THE COURT:  In connection with what condition?
19              THE DEFENDANT:  I have a bipolar disorder.
20              THE COURT:  Are you taking medications?
21              THE DEFENDANT:  Yes, I am.
22              THE COURT:  Have you taken them today?
23              THE DEFENDANT:  I missed it this morning.
24              THE COURT:  Are you able to understand these
25   proceedings without having taken your medication this morning?

```
D4CFPAPP                           Plea
```

1            THE DEFENDANT:  Yes, I am.
2            THE COURT:  Are you taking any other medications,
3    other than for bipolar disorder?
4            THE DEFENDANT:  No, I'm just taking medication and
5    I've been stable since the middle of February.
6            THE COURT:  Have you ever been treated for alcoholism
7    or drug addiction?
8            THE DEFENDANT:  No.
9            THE COURT:  Are you feeling all right today?
10           THE DEFENDANT:  I'm sound today.
11           THE COURT:  Have you received a copy of the
12   superseding information, the document that charges you?
13           THE DEFENDANT:  Yes.
14           THE COURT:  Have you read it, and do you understand
15   what it says that you did?
16           THE DEFENDANT:  Yes.
17           THE COURT:  Do you need me to read it to you?
18           THE DEFENDANT:  No.
19           THE COURT:  Have you had time to talk to your attorney
20   about the charges and about how you wish to plead?
21           THE DEFENDANT:  Yes, I have.
22           THE COURT:  Are you satisfied with your attorney?
23           THE DEFENDANT:  I'm very satisfied.
24           THE COURT:  Are you ready to plead at this time?
25           THE DEFENDANT:  Yes, I am.

D4CFPAPP                         Plea

1              THE COURT:  And what is your plea to Count One?
2              THE DEFENDANT:  Guilty.
3              THE COURT:  I need to determine whether your plea of
4    guilty is voluntarily, and whether you fully understand the
5    charges against you and the possible consequences of your plea,
6    so I'm going to ask you some additional questions.
7              I'll remind you that the charge against you is wire
8    fraud.  The law provides as a penalty a term of imprisonment of
9    up to 20 years; a term of supervised release up to three years;
10   a maximum fine, which is the greatest of $250,000, or twice any
11   gain derived from the offense, or twice any loss to persons,
12   other than yourself, as result of the offense; and a mandatory
13   $100 special assessment.
14             Do you understand those penalties?
15             THE DEFENDANT:  Yes, I do.
16             THE COURT:  Do you understand that as part of any
17   sentence you would also be required to make restitution to any
18   victims of your crime?
19             THE DEFENDANT:  Yes, I do.
20             THE COURT:  Do you also understand you would be
21   required to forfeit any money or property obtained as a result
22   of the crime or used to facilitate the crime?
23             THE DEFENDANT:  I understand.
24             THE COURT:  Do you understand that if you are
25   sentenced to prison and released on supervised release, and you

1   violate the terms of supervised release, you would be returned
2   to prison without credit for the time spent on supervised
3   release?
4            THE DEFENDANT:  I understand that, your Honor.
5            THE COURT:  Do you understand that if you are not a
6   United States citizen, you would be subject to deportation on
7   the basis of your conviction?
8            THE DEFENDANT:  I understand that.
9            THE COURT:  Do you understand that you have the right
10  to plead not guilty and the right to a jury trial on these
11  charges?
12           THE DEFENDANT:  I understand that.
13           THE COURT:  Do you understand that if you plead not
14  guilty and go to trial, the burden will be on the government to
15  prove your guilt beyond a reasonable doubt?
16           THE DEFENDANT:  Yes.
17           THE COURT:  Do you understand that at a trial you'd
18  presumed innocent until the government proves your guilt?
19           THE DEFENDANT:  Yes.
20           THE COURT:  Do you understand that you have the right
21  to be represented by an attorney at trial and in all other
22  stages of the proceedings, and, if necessary, an attorney would
23  be appointed for you?
24           THE DEFENDANT:  Yes.
25           THE COURT:  Do you understand that at a trial, you'd

1   have the right to confront and question any witnesses who
2   testify against you, and the right not to be forced to testify
3   against yourself?
4           THE DEFENDANT:  Yes.
5           THE COURT:  Do you understand that at a trial, you'd
6   entitled to testify in your own behalf, to present evidence, to
7   call witnesses to testify, and to subpoena those witnesses, if
8   necessary?
9           THE DEFENDANT:  Yes.
10          THE COURT:  Do you understand that if you plead
11  guilty, they'll be no trial of any kind, and all of the
12  trial-related rights that I've just described will no longer
13  apply, and the only remaining step would be for the court to
14  sentence you?
15          THE DEFENDANT:  I understand that.
16          THE COURT:  Do you understand the nature of the charge
17  to which you are pleading?
18          THE DEFENDANT:  I do understand the nature of the
19  charge.
20          THE COURT:  Do you understand the range of penalties,
21  including the maximum sentence that you could receive on the
22  basis of your plea?
23          THE DEFENDANT:  Yes, I do.
24          THE COURT:  Have you and your attorney talked about
25  how the sentencing commission guidelines might apply to your

1    case?

2             THE DEFENDANT:  Yes, we have.

3             THE COURT:  Do you understand that the Court will not
4    be able to determine the guidelines in your case until a
5    presentence report has been prepared, and you and the
6    government have had the opportunity to challenge any facts
7    reported there?

8             THE DEFENDANT:  Yes.

9             THE COURT:  Do you understand that after it's been
10   determined what guidelines apply to a case, the Court has the
11   authority, in some circumstances, to impose a sentence that is
12   either more severe or less severe than that called for by the
13   guidelines?

14            THE DEFENDANT:  Yes.

15            THE COURT:  Do you understand that in determining the
16   sentence, the Court will consider, in addition to the
17   guidelines and possible departures from those guidelines, all
18   of the factors set forth in the statute; that is 18 United
19   States Code, Section 3553(a)?

20            THE DEFENDANT:  Yes.

21            THE COURT:  Do you understand that under some
22   circumstances, you or the government may have the right to
23   appeal the sentence?

24            THE DEFENDANT:  Yes.

25            THE COURT:  Do you understand that there is no parole,

1    so that if you're sentenced to prison, you will not be released
2    on parole?
3             THE DEFENDANT:  Yes.
4             THE COURT:  Do you understand that the answers you
5    give to me today, under oath, may, in the future, be used
6    against you in the prosecution for perjury or false statement?
7             THE DEFENDANT:  Yes.
8             THE COURT:  Do you still wish to plead guilty?
9             THE DEFENDANT:  Yes, I do.
10            THE COURT:  Had any threats been made to you by anyone
11   to influence you to plead guilty?
12            THE DEFENDANT:  No.
13            THE COURT:  Have any promises been made concerning the
14   sentence you would receive?
15            THE DEFENDANT:  No.
16            THE COURT:  I have before me a plea agreement.  Mine
17   is undated.  Is there an original that's dated?
18            MR. CAPONE:  I have one, your Honor.  I'll hand it up.
19            THE COURT:  The plea agreement, dated April 5th, 2013
20   -- I'm sorry -- April 15, 2013, have you read and do you
21   understand that plea agreement, and did you sign it?
22            THE DEFENDANT:  Yes, I did, and I did sign it.
23            THE COURT:  Now, the plea agreement contains a
24   sentencing guideline calculation.  You understand that if you
25   are sentenced within or below the guideline range indicated,

D4CFPAPP                          Plea

1    that you agree not to appeal or otherwise challenge your
2    sentence?
3             THE DEFENDANT:  Yes.
4             THE COURT:  Do you also understand that you are
5    agreeing to the forfeiture allegation; that is, you will
6    forfeit a sum of money equal to $192,601?
7             THE DEFENDANT:  Yes, I do understand that.
8             THE COURT:  Do you also understand that you're
9    agreeing to make restitution in the amount of $192,601?
10            THE DEFENDANT:  Yes.
11            THE COURT:  Now, just so that we're all clear, am I
12   correct that this calls for a single payment of that amount,
13   not two payments?
14            MR. CAPONE:  I think that's right, your Honor.
15            MR. KLOTZ:  Yes.
16            THE COURT:  Do you understand that you are agreeing
17   not to appeal or otherwise challenge your conviction on the
18   grounds that the government has failed to produce discovery
19   material or information that might tend to prove your
20   innocence?
21            THE DEFENDANT:  Yes.
22            THE COURT:  Do you understand that if your plea is
23   vacated for any reason, you are agreeing not to challenge any
24   future prosecution on the ground that it is time barred?
25            THE DEFENDANT:  Yes.

1     THE COURT:  Does the government wish to set forth on
2  the record the elements that it would prove at trial?
3     MR. CAPONE:  Yes, your Honor.
4     The elements of the violation of Title 18, United
5  States Code, Section 1343 are:
6     First; that there was a scheme or artifice to defraud
7  or obtain money or property by materially false and fraudulent
8  pretenses, representations or promises.
9     Second; that the defendant knowingly and willfully
10 participated in the scheme or artifice to defraud with
11 knowledge of its fraudulent nature and with specific intention
12 to fraud.
13    And third; that in the execution of that scheme, the
14 defendant used or caused the use of interstate or foreign
15 wires.
16    The government would also have to prove venue by a
17 preponderance of the evidence.
18    THE COURT:  Thank you.
19    Mr. Pappas, you understand that if you were to go to
20 trial, the government would have to prove those elements beyond
21 a reasonable doubt?
22    THE DEFENDANT:  Yes.
23    THE COURT:  Is your plea voluntarily and made of your
24 own free will?
25    THE DEFENDANT:  Yes, it is.

1          THE COURT:  Did you commit the offense charged?
2          THE DEFENDANT:  Yes, I did.
3          THE COURT:  Tell me what you did.
4          THE DEFENDANT:  I ran payroll that never existed, and
5    I collected unemployment insurance through my family members.
6          THE COURT:  When you say you ran payroll that never
7    existed, tell me what that means.
8          THE DEFENDANT:  I ran payroll under the names of my
9    family, and I ran it for two quarters in the state of New York.
10   And after I ran the payroll, I applied for unemployment
11   insurance, and then collected unemployment insurance in their
12   names.
13         THE COURT:  And in order to accomplish that, did you
14   use the telephone in any way?
15         THE DEFENDANT:  Yes.  I claimed the benefits every --
16   every week, claiming the benefits.
17         THE COURT:  By telephone?
18         THE DEFENDANT:  Yes, or the computer.
19         THE COURT:  And where did this take place?  Where were
20   you located?
21         THE DEFENDANT:  What's that?
22         THE COURT:  Where were you located?
23         THE DEFENDANT:  I was either doing it out of the state
24   of Vermont or I was doing it in New York, on Long Island.
25         THE COURT:  Does the government wish to proffer venue?

1           MR. CAPONE:  Yes, your Honor.

2           The government can proffer that the actual payments

3  were made out of the Southern District of New York.  I think

4  the defendant would also probably waive any venue issue.

5           MR. KLOTZ:  Correct, your Honor.

6           THE COURT:  Mr. Pappas, at the time that you were

7  engaged in those activities, did you know what you were doing

8  was wrong?

9           THE DEFENDANT:  Well, I was manic at the time, your

10 Honor.  I wasn't on the right medication.  So I mean, I was --

11 I thought what I was doing was okay.  I mean, I was kind of

12 convinced what I was doing was within the law.  I mean, I

13 realize now it was wrong, but when people are bipolar, they

14 kind of think what they're doing is okay, but it really wasn't.

15 I mean, I can't really give you a clear answer on that.

16          THE COURT:  I understand.

17          Mr. Capone, does that create an issue?

18          MR. CAPONE:  Yes, your Honor.

19          I don't think that's a sufficient allocution in terms

20 of scienter.

21          THE DEFENDANT:  My family members weren't entitled to

22 the benefits because the payroll was really fictitious, so it

23 was a scheme.  So I knew that part of it was wrong, because the

24 payroll -- I was just running payroll, but the payroll was

25 never really being paid out.  So the end game was just to get

              SOUTHERN DISTRICT REPORTERS, P.C.
                        (212) 805-0300

D4CFPAPP                    Plea

1    the unemployment insurance.  And they weren't entitled to it.
2             THE COURT:  And you knew that they were not entitled
3    to that?
4             THE DEFENDANT:  Yes.
5             THE COURT:  Mr. Capone, is that satisfactory?
6             MR. CAPONE:  Yes, I think that's satisfactory, your
7    Honor.
8             THE COURT:  Do you have any other questions that the
9    defendant need be asked?
10            MR. CAPONE:  No, your Honor.
11            THE COURT:  Do you know of any reason why the
12   defendant should not plead guilty?
13            MR. CAPONE:  No, your Honor.
14            THE COURT:  Mr. Klotz, do you know of any such reason?
15            MR. KLOTZ:  I do not.
16            THE COURT:  I'm satisfied that the defendant
17   understands the nature of the charge against him and the
18   consequences of the plea of guilty.  I'm also satisfied that
19   the plea is voluntary and knowing and there's a factual basis
20   for it.  I will, therefore, recommend that Judge Gardephe
21   accept the defendant's plea of guilty to Count One of the
22   superseding information.
23            Do we have a sentencing date?
24            MR. CAPONE:  No, your Honor.  I will contact Judge
25   Gardephe today, but if we can set a control date in the

1    interim.

2            THE COURT:  Yes.

3            August the 15th is the control date, and a presentence
4    report will be prepared.

5            Can the government provide the case statement to
6    probation within the next two weeks?

7            MR. CAPONE:  Yes, your Honor.

8            THE COURT:  Mr. Klotz, would you be available for your
9    client's interview within that period?

10           MR. KLOTZ:  Yes.

11           THE COURT:  Are there any requests with respect to
12   bail or conditions of detention?

13           MR. KLOTZ:  No, your Honor.

14           MR. CAPONE:  Your Honor, the government requests the
15   defendant continue to be detained.

16           THE COURT:  Current conditions will be continued.

17           Thank you, all.

18                   (Adjourned until August 15, 2013)

19

20

21

22

23

24

25